IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EARNEST HOYE | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.  6:08cv391 |
| | § | |
| v. | § | JUDGE |
| | § | |
| UPSHUR COUNTY, TEXAS, | § | JURY DEMANDED |
| | § | |
| Defendant | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Comes now Plaintiff Earnest Hoye, who for his Original Complaint states as follows:

**I**

**Preliminary Statement**

1. This case arises out of the unequal treatment, unequal pay, and failure to receive promotion of Plaintiff Earnest Hoye by his employer Upshur County, Texas.

2. Plaintiff Hoye contends that he was treated in a discriminatory manner on the basis of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1983 which in relevant part prohibit discrimination in employment based upon an employee's race.

3. Plaintiff seeks compensatory damages together with a reasonable attorney fee as authorized by 42 U.S.C. §1988.

## II

### Jurisdiction

4. This Court has jurisdiction over Plaintiff's Title VII claim pursuant to 42 U.S.C. § 2000e-5(f)(3).

5. Jurisdiction over Plaintiffs' constitutional claims for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(a)(3).

6. This Court also has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, which creates original jurisdiction for this Court over all civil actions arising under the Constitution, laws, or treaties of the United States.

## III

### Parties

**Plaintiffs**

7. Plaintiff Hoye is a citizen of the United States and a resident of Upshur County, Texas.

**Defendant**

8. Defendant Upshur County, Texas is a county located in the Eastern District of Texas. It is Defendant Upshur County's responsibility and duty not to discriminate against its employees on the basis of their race in violation of their constitutional and statutory rights.

## IV

### Procedural History

9. Plaintiff Hoye timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights. Plaintiff Hoye received his

right-to-sue letter on or about July 16, 2008, and he has satisfied all other procedural prerequisites for filing suit.

**IV**

**Facts**

**Background**

10.    Plaintiff Hoye is an African-American male.

11.    Plaintiff Hoye has worked for Defendant Upshur County, Texas since approximately October, 2002.

12.    Plaintiff is and was at all times relevant hereto a competent, loyal and conscientious employee of Defendant Upshur County, Texas.

**Discrimination**

13.    Since starting work with Upshur County, Texas, Plaintiff Hoye has been routinely passed over for promotion. Specifically, he has been on the list to be made a motor grade operator for over three years. In or about 2007, three white employees passed over him for the position and/or to be trained for the position. One such promotion occurred in approximately August, 2007.

14.    Precinct 1 of Upshur County is the precinct with the vast majority of the African-American employees. For a substantial period of time, they were left with no indoor plumbing.

15.    African-American employees involved in accidents have been made to take drug tests. Similarly situated white employees have not been made to take such drug tests.

16.    Based upon information and belief, many of the white employees put in positions of authority do not even want to associate with African-Americans.

17.     Based upon information and belief, African-American employees, including Plaintiff Hoye, are not paid the same as similarly situated white employees.

18.     Defendant Upshur County, Texas was acting under color of state law at all times relevant hereto.

19.     The unlawful discrimination against Plaintiff and others, as set out above, was in compliance with the actual policies, procedures, practices and customs of Defendant Upshur County, Texas. These deficient actual policies, procedures, practices and customs were also a proximate cause of Plaintiffs' damages.

**Damages**

20.     Defendant Upshur County's wrongful acts and omissions set out above proximately caused plaintiff damages including lost income, humiliation, embarrassment, damage to reputation and mental pain and suffering.

**V**

**First Cause of Action**

21.     The discrimination against Plaintiff Hoye on the basis of his race, African-American, (including the failure to promote him) violates Title VII of the Civil Rights Act of 1964, as amended.

**Second Cause of Action**

22.     The discrimination against Plaintiff Hoye on the basis of his race, African-American, (including the failure to promote him) also violates his right to equal protection under the Constitution, made applicable to Defendant by the Fourteenth Amendment to the United States Constitution and for which redress is provided by 42 U.S.C. § 1983.

## VI

### Jury Demand

23. Plaintiff demands a trial by jury on all issues so triable.

## VII

### Prayer for Relief

24. WHEREFORE PLAINTIFF PRAYS THAT THIS HONORABLE COURT:

   a. Enter a judgment in behalf of Plaintiff against Defendant Upshur County for compensatory damages in an amount sufficient to fully and completely compensate Plaintiff for his actual damages caused by the defendant;

   b. Enter an injunction ordering Defendant to promote Plaintiff with full pay, or alternatively, award appropriate front pay;

   c. Enter judgment against Defendant in favor of Plaintiff for equitable remedies, including but not limited to appropriate back pay and front pay, if necessary;

   d. Grant Plaintiff a reasonable attorney fee for his costs herein expended as authorized by 42 U.S.C. §1988;

   f. Grant Plaintiff a trial by jury on all issues so triable; and

   g. Grant Plaintiff any and all additional relief to which he may be entitled to, including pre-judgment interest, post-judgment interest, and his costs herein expended.

Respectfully submitted,

*/s/ Alex A. Castetter*
Alex A. Castetter
Attorney in Charge for Plaintiff
Bar Card No. 00783808

Stuckey, Garrigan & Castetter
Law Offices
2803 North Street/P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 / Fax: 560-9578
alex@sgclaw.org