IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EARNEST HOYE | § | |
| Plaintiff, | § § § | |
| v. | § | Cause No. 6:08-cv-391 |
| UPSHUR COUNTY TEXAS | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Upshur County's Motion for Summary Judgment (Doc. No. 28). Upon due consideration of the pleadings, responsive filings, and the governing law, the Court DENIES Defendant's motion.

**I. Background**

Plaintiff Earnest Hoye, an African-American male, has been employed by the Upshur County Road and Bridge Department since 2002 as a lightweight equipment operator. The Road and Bridge Department is administered under the Road Administrator, Abbott Lynn "Bubba" Pendarvis.[1] Mr. Pendarvis is Plaintiff's supervisor and has been the person making the promotional decisions for the Upshur County Road and Bridge Department since 2005. Plaintiff has made repeated requests to Mr. Pendarvis to be promoted to a motor grader operator. Plaintiff's requests have never been granted.

In November 2007, Plaintiff Hoye filed a complaint with the Equal Employment

---

[1] In most Texas counties, road work is the responsibility of individual county commissioners within their respective precincts.

Opportunity Commission. Plaintiff alleged racial discrimination, including denial of promotion to the position of motor grader operator due to his race. Afterwards, Plaintiff filed this lawsuit alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq*. ("Title VII"), and 42 U.S.C. § 1983.

## II. Summary Judgment Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The moving party must show initially that there is no genuine issue concerning any material fact in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 256 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248; *Merritt-Campbell, Inc.*, 164 F.3d at 961. The moving party may also meet its summary judgment burden by pointing to the absence of evidence supporting any non-movant's claim. *Celotex Corp.*, 477 U.S. at 325.

Once the moving party has satisfied its burden, the party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials in its pleading, but must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The non-movant is required to identify evidence in the record and articulate the manner in which that

evidence supports its claim. *Ragas*, 136 F.3d at 458. If the non-movant fails to set forth specific facts to support an essential element in that party's claim and on which that party will bear the burden of proof at trial, then summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 322–23.

When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Merrit-Campbel, Inc.*, 164 F.3d at 961. "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Irrelevant or unnecessary factual disputes should not be considered. *Id*.

### III. Plaintiff's Race Discrimination Claims Under Title VII
### and the Equal Protection Clause

Defendant first moves for summary judgment on the grounds that Plaintiff's race discrimination claims under Title VII and the Equal Protection Clause fail as a matter of law. In the absence of direct evidence of discrimination, race discrimination claims under Title VII and 42 U.S.C. § 1983 are subject to the *McDonnell Douglas* burden shifting framework. *See, e.g. Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). In order to overcome a motion for summary judgment, Plaintiff must first establish a *prima facie* case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-803 (1973). To establish a *prima facie* case of race discrimination, Plaintiff must present evidence that (1) he was a member of a protected class; (2) he was qualified for the position that he sought; (3) he was subjected to an adverse employment action; and (4) someone outside of the protected class was promoted over him. *Id*. at 802.

Here Plaintiff has carried his burden of establishing a *prima facie* case of discrimination. As

an African American, Plaintiff is a member of a protected class. It is uncontested that he is qualified for the position that he sought in that he has experience operating heavy equipment and had trained on the motor grader. Nor is it questioned that being repeatedly denied a promotion is considered "an adverse employment action" under the law. Finally, at least four Caucasian employees have been promoted to the position of motor grader operator instead of Plaintiff during the relevant time period.

After Plaintiff establishes a *prima facie* case for discrimination, the burden then shifts to Defendant to set forth a legitimate, non-discriminatory reason for the adverse employment action. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). The burden on the employer is one of production, not persuasion. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000). Here, Defendant claims Plaintiff was not promoted because he had poor work attendance and failed to come to work. Accordingly, Defendant has articulated a legitimate non-discriminatory reason for failing to promote Plaintiff.

The burden now shifts back to Plaintiff to raise a factual issue as to whether Defendant's stated reason for denying Plaintiff a promotion was merely pretextual. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506-07 (1993). Plaintiff claims that Defendant's reasons for not promoting him have changed with time. First, Mr. Pendarvis told Plaintiff he would "get back" to Plaintiff in response to his promotion requests, but he never did. Defendant later told the EEOC that "everyone is verbally told that they can train on motor grader." But, it is only in the context of this litigation that Plaintiff's supervisor claims that Plaintiff 's failure to receive a promotion was because he did not come to work. When an employer's proffered reasons are inconsistent, change over the course of the action, or are factually unsupported, they can be evidence of pretext. *See Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 575 (5th Cir. 2003). Thus Plaintiff raises a factual issue as to whether

the stated reason for Plaintiff's failure to be promoted - that he had poor work attendance - is merely a pretext. Accordingly, Defendant's motion for summary judgment is DENIED as to Plaintiff's racial discrimination claims.

## IV. Whether an Upshur County Policy, Practice, or Custom Caused the Alleged Constitutional Violation

Defendant's second ground for summary judgment is that Plaintiff has failed to allege any practice, policy, or custom of Upshur County that gives rise to his Section 1983 claims. A governmental entity can be sued under § 1983 only if its policy, practice, or custom causes a person to be deprived of a federally protected right. *Monell v. New York City Depot of Soc. Serv.*, 436 U.S. 658, 690 (1978). Defendant claims that Plaintiff has not alleged any practice, policy, or custom of Upshur County that gives rise to his § 1983 claims. Defendant also claims that Upshur County has policies that prohibit discrimination, and Plaintiff fails to establish a causal link between an Upshur County policy or custom and the alleged constitutional violations. In response, Plaintiff states that Mr. Pendarvis is the undisputed "ultimate repository of the municipality's power" in regards to the Road and Bridge Department. By written policy, Mr. Pendarvis is responsible for the selection and tenure of employees. He controlled who he wanted to hire or fire in his department.

When an individual is the ultimate authority or repository of a municipality's power, the municipality, in this case - the county, is liable for the individual's wrongful acts and decisions because they represent official policy. *Turner v. Upton County, Texas*, 915 F.2d 133 (5th Cir. 1990). Although Upshur County has official policies prohibiting discrimination, Supervisor Pendarvis was the final decision maker for employment decisions in the Road and Bridge Department and his acts and decisions represent official policy and practice. Upshur County is therefore liable for any

discriminatory employment decisions made by Mr. Pendarvis. Accordingly, the Court DENIES summary judgment on this issue.

## V. Conclusion

For the reasons discussed above, Defendant Upshur County's Motion for Summary Judgment (Doc. No. 28) is DENIED.

**It is SO ORDERED.**

**SIGNED this 13th day of November, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE